645 So.2d 921 (1994)
Duan Lewis JACKSON
v.
STATE of Mississippi.
No. 92-KA-00557.
Supreme Court of Mississippi.
November 10, 1994.
*922 James H. Powell, III, Durant, for appellant.
Michael C. Moore, Atty. Gen., W. Glenn Watts, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PRATHER, P.J., and SULLIVAN and JAMES L. ROBERTS, Jr., JJ.
JAMES L. ROBERTS, Jr., Justice, for the Court:

INTRODUCTION
Duan Lewis Jackson was convicted in the Holmes County Circuit Court of selling cocaine and sentenced to thirty years imprisonment. At trial, Jackson presented an alibi defense, offering a number of witnesses who testified that he had been with them at a party during the time he had allegedly sold the cocaine. Jackson appealed, assigning the following errors:
I. THE TRIAL COURT DENIED JACKSON A FAIR TRIAL BY ALLOWING THE STATE TO ELICIT IMPROPER IMPEACHMENT TESTIMONY CONCERNING CRIMES ALLEGEDLY COMMITTED BY DEFENSE WITNESS DEANDRE JOHNSON, ON AUGUST 19, 1991.
II. THE TRIAL JUDGE ERRONEOUSLY FAILED TO GRANT INSTRUCTION D-1, WHICH FULLY INSTRUCTED THE JURY ON THE DEFENSE OF ALIBI, AND THE COURT'S FAILURE TO GRANT SAID INSTRUCTION AS OFFERED, DENIED JACKSON THE RIGHT TO HAVE A JURY WHICH HAD BEEN FULLY INSTRUCTED AS TO THE LAW, CONSIDER HIS CASE.
Finding that Jackson was denied a fair trial, we reverse and remand for a new trial.

FACTS AND PROCEDURAL HISTORY
Duan Lewis Jackson was indicted on March 30, 1992, for selling cocaine in violation of Miss. Code Ann. (1972) § 41-29-139 (1972, as amended). On May 4, 1992, Jackson was convicted in the Holmes County Circuit Court and sentenced to thirty years imprisonment.
The crime for which Jackson was charged occurred on the evening of August 19, 1991. At trial, Jackson presented an alibi defense, offering a number of witnesses who testified that he had been with them at a party during the time he had allegedly sold the cocaine. One of these witnesses was DeAndre Johnson, who testified that he was with Jackson at the party on the evening Jackson allegedly made the cocaine sale and that Jackson never left the party during that evening. In rebuttal, the State recalled a police officer who testified that undercover agents had made four drug purchases from Johnson on August 19, 1991, the same evening Johnson claimed he was with Jackson at the party. The judge overruled Jackson's objection to this testimony.
A portion of an alibi instruction offered by Jackson was struck by the judge over Jackson's objection. Jackson requested the following jury instruction:
Alibi means elsewhere or in another place. In this case, the defendant is asserting the defense of alibi by saying that he could not have been selling any controlled substances at the date, time, location and to the person alleged in the indictment, because at such date and time he was attending a party at Hartwood Apartments and was never at the location alleged in the indictment.
Alibi is a legal and proper defense in law. The defendant is not required to establish the truth of the alibi to your satisfaction, but if the evidence or lack of evidence in the case raises in the minds of the jury a reasonable doubt as to whether the defendant was present and committed to the *923 crime, then you must give him the benefit of the doubt and acquit him.
The judge stated that the second part of this instruction was not the law. Jackson's lawyer asserted that it was, and that the instruction had been taken from a "form instruction." The prosecutor suggested omitting part of the second sentence of the second paragraph. The judge agreed to this, and the instruction was granted, deleting the following: "The defendant is not required to establish the truth of the alibi to your satisfaction." The amended version was granted over Jackson's objection.

DISCUSSION OF THE ISSUES

I. THE TRIAL COURT DENIED JACKSON A FAIR TRIAL BY ALLOWING THE STATE TO ELICIT IMPROPER IMPEACHMENT TESTIMONY CONCERNING CRIMES ALLEGEDLY COMMITTED BY DEFENSE WITNESS DEANDRE JOHNSON, ON AUGUST 19, 1991.
Jackson argues that the trial judge erred in allowing the State to impeach the alibi testimony of defense witness DeAndre Johnson, through an officer's rebuttal testimony that agents had made four drug purchases from Johnson the evening of August 19, 1991. Jackson contends that such impeachment is impermissible under M.R.E. 608. Jackson asserts that the State may not call a witness to testify concerning specific instances of alleged criminal conduct on the part of another witness for impeachment purposes.
Mississippi Rule of Evidence 608 provides in part:
(b) Specific Instances of Conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
This Court has held that "(s)pecific instances of conduct under our Rules of Evidence may not be proved by extrinsic evidence for impeachment purposes; they may only be inquired about on cross-examination." Lewis v. State, 580 So.2d 1279, 1287 (Miss. 1991) (emphasis added). See also Pinson v. State, 518 So.2d 1220, 1223 (Miss. 1988). In Pinson v. State, the defense offered testimony in a rape trial to impeach the victim's husband. The husband had testified that because of the rape, he was living apart from his wife, and was not living with any other woman. The defense offered testimony that the husband was living with another woman. This Court held that such evidence was not admissible, stating:
Specific instances of conduct under our Rules of Evidence may not be proved by extrinsic evidence for impeachment purposes; they may only be inquired about on cross-examination. (The husband) denied seeing any woman other than his wife when he was questioned about it on cross-examination. The defense may go no further.
Pinson v. State 518 So.2d at 1223.[1]
In the case at bar, the State attempted to impeach a defense witness with extrinsic evidence of specific instances of that witness' conduct, i.e., with testimony by a police officer that Johnson sold drugs to undercover agents the same night as Jackson allegedly committed the crime for which he was being tried. Such attempts at impeachment are *924 clearly forbidden by Rule 608(b). That rule does provide for limited exploration of a witness' conduct, but on cross-examination, not on direct examination or by rebuttal testimony of a third party.
This Court has not yet addressed the question of whether the introduction of extrinsic evidence in violation of Rule 608(b) constitutes reversible error. There is authority that such violation is reversible error. See U.S. v. Reed, 715 F.2d 870 (5th Cir.1983) (introduction of extrinsic evidence to prove misconduct which did not result in a conviction was held reversible error).
In this case, impermissible impeachment efforts were aimed at only one of the defense's numerous witnesses. Considering the testimony as a whole, we find that the Rule violation did not rise above harmless error. This Court has stated:
We are not required to reverse a case based solely upon the showing of an error in evidentiary ruling. A denial of a substantial right of the defendant must have been affected by the evidentiary ruling ...
Newsom v. State, 629 So.2d 611, 612 (Miss. 1993). See also Green v. State, 614 So.2d 926, 935 (Miss. 1992); M.R.E. 103(a).
Although the trial court erred in allowing improper impeachment testimony, such error, alone, was harmless under the circumstances of this case where only one of the defendant's numerous alibi witnesses was improperly impeached. Jackson was not denied a substantial right by this erroneous ruling standing alone. However, that was not the only error in this case.

II. THE TRIAL JUDGE ERRONEOUSLY FAILED TO GRANT INSTRUCTION D-1, WHICH FULLY INSTRUCTED THE JURY ON THE DEFENSE OF ALIBI, AND THE COURT'S FAILURE TO GRANT SAID INSTRUCTION AS OFFERED, DENIED JACKSON THE RIGHT TO HAVE A JURY WHICH HAD BEEN FULLY INSTRUCTED AS TO THE LAW, CONSIDER HIS CASE.
Jackson argues that the judge erred in striking the portion of his jury instruction D-1 which stated "The defendant is not required to establish the truth of the alibi to your satisfaction." He asserts that his requested instruction did not place any improper burden on the State, but simply fully covered the law of alibi. Jackson contends that the instruction, as modified, had the effect of confusing the jury; the jury may have improperly believed that the defendant had an absolute duty to satisfy the jury as to the truth of his alibi defense before they could consider such defense. As the jury was not properly instructed on the defense of alibi, Jackson maintains that his conviction must be reversed.
This state's law on jury instructions has been summarized as follows:
Jury instructions are to be read together and taken as a whole with no one instruction taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is fairly covered elsewhere in the instructions, or is without foundation in the evidence.
Heidel v. State, 587 So.2d 835, 842 (Miss. 1991) (citations omitted). First, it may be noted that the instruction as originally submitted by Jackson, was in fact identical to instruction 102.01 in both the 1977 and 1992 Mississippi Model Jury Instructions. However, the fact that the instruction was "model" does not mean that the judge was automatically required to accept it. See, e.g. Davis v. State, 568 So.2d 277, 280 (Miss. 1990) (not reversible error to reject model jury instruction, where instruction was repetitious of other instructions).
Reviewing the requirements cited above, it must be noted that Jackson was entitled to an alibi instruction, as that was his theory of the case. See Holmes v. State, 481 So.2d 319, 321 (Miss. 1985); Young v. State, 451 So.2d 208, 210 (Miss. 1984); Sanford v. State, 372 So.2d 276, 278 (Miss. 1979). Moreover, the instruction offered correctly stated the law, and had "foundation" in the evidence, in that Jackson had numerous witnesses testify in support of his alibi. Therefore, *925 the remaining question is whether D-1, as amended, properly instructed the jury on the alibi defense; that is, whether, as the State argues, the deleted portion of the alibi instruction was "covered in other instructions" concerning the State's burden, reasonable doubt, and the presumption of innocence.
The following jury instructions were given:
C-CR-9 BURDEN OF PROOF
The burden of proving the Defendant guilty of every material element of the crime with which he is charged is upon the State of Mississippi. Before you can return a verdict of guilty, the State must prove to your satisfaction beyond a reasonable doubt that the Defendant is guilty.
C-CR-8 PRESUMPTION OF INNOCENCE
The law presumes every person charged with the commission of a crime to be innocent. This presumption places upon the State the burden of proving the defendant guilty beyond a reasonable doubt. The presumption of innocence attends the Defendant and prevails unless overcome by evidence which satisfies the jury of his guilt beyond a reasonable doubt. The Defendant is not required to prove his innocence.
In Holmes v. State, 481 So.2d 319 (Miss. 1985), this Court reversed a burglary conviction, where the jury received no instructions on the co-defendants' alibi theory of defense.[2]See also Young v. State, 451 So.2d 208 (Miss. 1984) (same).
In Newton v. State, 229 Miss. 267, 90 So.2d 375 (1956), this Court reversed an armed robbery conviction, where the trial judge had struck part of the defendant's alibi instruction. The defendant declined to accept the modified instruction, and the jury was apparently not instructed on an alibi defense.[3] The original instruction read:
The Court charges the jury for the defendant, Jack Newton, that an alibi is a legal and proper defense in law, and that the defendant is not required to establish the truth of his alibi to your satisfaction, but that the evidence in support of the alibi need only exclude the possibility of the defendant's presence at the time and place of the crime, and if upon consideration of the whole evidence you think there is a probability that the defendant was not at the scene of the crime, then it is your sworn duty to find the defendant not guilty.
Newton, 229 Miss. at 273, 90 So.2d at 377. The trial judge modified this instruction by striking out the words "there is a probability." This Court stated:
We think the court was in error in striking out the quoted portion of the instruction. The appellant was entitled to have the jury instructed that if under the evidence there was a probability of his innocence he should be acquitted. The State contends that in view of other instructions given to the appellant defining reasonable doubt and instructing the jury as to the burden of the State to establish the guilt of the appellant beyond a reasonable doubt, the court committed no reversible error in modifying the instruction. Ordinarily, where the jury in other instructions has been adequately instructed as to the burden of the State to establish guilt beyond a reasonable doubt, we would not regard as reversible error the action of the court in so modifying the instruction. In this case, however, the State's case as to the identity of the appellant rests entirely upon one witness.
Newton, 229 Miss. at 274, 90 So.2d at 378. The Court went on to explain that the testimony of the State's only witness was weak, while the testimony of the defendant's five or more witnesses was strong; the Court held that in light of the testimony, it was reversible *926 error for the trial court to decline to give the instruction except as modified. "(T)he appellant, in light of the testimony, was entitled to have the jury instructed that if there were a probability of his innocence the jury should acquit him." Newton, 229 Miss. at 275, 90 So.2d at 378.
The language deleted from Jackson's instruction D-1 was "(T)he defendant is not required to establish the truth of the alibi to your satisfaction." Arguably, this principle is asserted by the last sentence of instruction C-CR-8 on the presumption of innocence, "(T)he defendant is not required to prove his innocence." On the other hand, the two sentences are not interchangeable. The deleted language of the alibi instruction specifically informs the jury as to the defendant's burden in presenting his alibi defense. It is not unreasonable to think the this instruction would be far more meaningful to a jury's deliberations than C-CR-8's more general instruction on the presumption of innocence.
The trial judge deleted an essential part of the alibi instruction, thus depriving Jackson of an accurate instruction on his alibi theory of defense. The omitted language of instruction D-1 was not and could not be covered by general instructions on the presumption of innocence. Since the jury was not properly instructed on Jackson's alibi defense, he is entitled to a new trial.

CONCLUSION
The judge erred in permitting the state to impeach defense witness Johnson through the rebuttal testimony of an officer that Johnson had sold drugs on the evening in question to undercover agents. Such testimony was "extrinsic evidence" of specific acts of misconduct forbidden by M.R.E. 608(b). However, in consideration of the testimony as a whole and the fact that the impermissible impeachment efforts were aimed at only one of the defense's numerous alibi witnesses, this error alone was harmless. But that was not the only error in this case.
The language omitted by the judge was crucial to the meaning of the alibi jury instruction offered by Jackson. The deletion of an essential part of the alibi instruction, in effect, deprived Jackson of an instruction on his alibi theory of defense. As the jury was not properly instructed on Jackson's alibi defense, we must reverse and remand for a new trial.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN and SMITH, JJ., concur.
McRAE, J., concurs in part II only.
BANKS, J., concurs with separate written opinion joined by DAN M. LEE, P.J.
DAN M. LEE, P.J., concurs in part and dissents in part with separate written opinion joined by BANKS and McRAE, JJ.
PITTMAN, J., not participating.
BANKS, Justice, concurring:
Like Justice Lee, I concur with the majority result and with its holding that the failure to give the alibi instruction was error. I agree with Justice Lee in rejecting the majority's rationale for disposition of the rebuttal testimony issue. The testimony offered was admissible as rebuttal to the alibi evidence. I write separately to add two caveats.
First, while in my view the rebuttal testimony, as to Johnson's presence elsewhere than where he said he was, was admissible. It was neither necessary nor proper to include testimony as to what he was doing at the different place identified by the witness. What he was doing was irrelevant and in this case highly prejudicial.
The second caveat is that, while the majority correctly relies upon Newton v. State, 229 Miss. 267, 90 So.2d 375 (1956), for the holding that the failure to give the alibi instruction was error; we should note, in order to avoid confusion, that Newton asked for less of an instruction than that to which he was entitled. A criminal defendant need not convince a jury of his "probable innocence," even though if he does, a fortiori, he is entitled to acquittal. He is entitled to acquittal on the lesser standard of the existence of a reasonable doubt as to guilt. The instruction offered *927 and wrongfully refused in the instant case more accurately states the law.
DAN M. LEE, P.J., joins this opinion.
DAN M. LEE, Presiding Justice, concurring in part; dissenting in part:
I agree that the lower court erred in refusing to submit Instruction D-1 to the jury, which was proffered by the defense and which would have instructed the jury on the defense of alibi. Furthermore, I concur with the majority's conclusion that the lower court's refusal to submit the proffered instruction was reversible error.
However, under its construction and application of M.R.E. 608, the majority would limit the prosecution's ability to offer rebuttal testimony to an alibi witness' testimony which places the defendant with that alibi witness at a different location than the scene of the crime. In my opinion, rebuttal testimony which demonstrates that the alibi witness was not at the location where he testified that the defendant accompanied him is not prohibited under M.R.E. 608. Accordingly, I respectfully dissent from the majority's conclusion that the rebuttal testimony ran afoul of M.R.E. 608 and was error, albeit harmless.

I.
The crux of Jackson's defense was an alibi; that he was somewhere else when the crime was committed. The term "alibi" has been defined as follows:
A defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party.
Black's Law Dictionary 66 (5th ed. 1979) (emphasis added). In support of that alibi, Jackson offered witnesses who testified that he was at a different location, at a party, when the crime was committed elsewhere.
On appeal, Jackson argues that the testimony of one of his alibi witnesses, Deandre Johnson ("Johnson"), was improperly impeached with testimony concerning crimes allegedly committed by Johnson at another place at the time he claimed to have accompanied Jackson at the party. Specifically, in rebuttal to Johnson's testimony concerning the time and place of his accompaniment of Jackson which established Jackson's alibi, an officer testified that four drug purchases were made from Johnson at the time that Johnson claimed to have been with Jackson at the party.
While testimony offered to show "specific instances of conduct" by Johnson would have been excluded if a proper objection had been lodged, rebuttal testimony offered to show that the alibi witness was in a different location, somewhere other than the place which they testified they were located, is properly admissible. Here, the officer's testimony was offered for the latter purpose. The officer testified that the purchases from Johnson were at a place other than the location of the party at which Johnson claimed to be in attendance with Jackson. A fortiori, Johnson could not have accompanied Jackson at the place and time which he testified, thereby nullifying Jackson's alibi testimony from Johnson, if the officer's testimony were true.

II.
The majority misplaces the emphasis of the officer's testimony regarding the drug purchases from Johnson, thereby misconstruing it as testimony of "specific instances of conduct under M.R.E. 608(b)" attacking Johnson's credibility. But, the purpose of the officer's testimony was to rebut the alibi testimony of Johnson by attacking Johnson's "testimony," not his "credibility," by demonstrating that Johnson was not where he testified that he was, nor was he there when he testified that he accompanied Jackson. The purpose was revealed in the discussion at the bench in response to the defense counsel's objection. There, the following colloquy took place:
BY MR. BATSON [Prosecutor]: Your Honor, I know he [Johnson] has not been convicted but I think I have a right to attack his testimony. He says he was at a party from 5:30 till midnight.
BY THE COURT: Is this the same night?
BY MR. BATSON: The same night.

*928 BY THE COURT: The objection is overruled.
The officer testified that Johnson was somewhere else at the time which Johnson testified he was at the party. The essence of Jackson's alibi, and Johnson's testimony, was that Jackson was with Johnson in a different place at the time of commission of the crime. It is only an ancillary matter that the facts which rebutted Johnson's testimony concerning the relevant issues of alibi, time and place, also established the commission of criminal acts by Johnson.
Without rebuttal testimony as that under consideration, how could one properly rebut the alibi testimony of a witness if that witness was committing criminal acts at the time that he claimed to be somewhere else with the defendant? Under the majority's rationale, if the prosecution possessed evidence that established the fact that an alibi witness was engaged in the commission of criminal acts at a different location than that at which the alibi witness claimed to be accompanying the defendant, the prosecution would be precluded from rebutting the alibi witness' testimony regarding the location of that alibi witness, with those facts. I disagree.

III.
Generally, the trial judge is afforded great discretion regarding the admissibility of rebuttal testimony, and a ruling admitting such rebuttal testimony will not be reversed unless the trial judge's exercise of discretion has prejudiced the opposing party. Boston Ins. Co. v. Rogers, 154 So.2d 139, 247 Miss. 173 (1963).
But, in the case sub judice, we do not reach the inquiry into prejudice to Jackson. At trial, whenever the prosecution announced that it intended to recall the officer for rebuttal purposes, the defense counsel objected generally, but failed to specifically object on admissibility grounds under M.R.E. 608. Accordingly, since Jackson did not specifically state the ground for his objection, he did not properly preserve the issue for appeal. Hooker v. State, 516 So.2d 1349 (Miss. 1987). Grounds for objections which are different from those advanced at trial cannot be presented on appeal for the first time. Russell v. State, 607 So.2d 1107 (Miss. 1992); Collins v. State, 594 So.2d 29 (Miss. 1992); Parker v. State, 367 So.2d 456 (Miss. 1979).

IV.
The trial court incorrectly refused to submit the proffered alibi instruction to the jury. That action constitutes reversible error.
However, the lower court did not err by admitting evidence which rebutted the alibi witness' testimony concerning the whereabouts of that alibi witness at the time of the crime. Furthermore, the defense counsel failed to properly preserve an objection for this Court's review as to the admissibility of the rebuttal testimony. As a consequence, admission of the officer's rebuttal testimony was not error under M.R.E. 608, neither reversible nor harmless.
Accordingly, I concur that this case should be reversed because the trial court failed to submit the alibi instruction, D-1, to the jury. However, I dissent to that part of the majority's opinion which finds error in the trial court's admission of the officer's rebuttal testimony for purposes of establishing that the alibi witness was not where he claimed to have been.
BANKS and McRAE, JJ., join this opinion.
NOTES
[1] Federal Rule of Evidence 608 has been similarly construed. U.S. v. Reed, 715 F.2d 870 (5th Cir.1983) (reversible error to permit introduction of extrinsic evidence to prove misconduct not resulting in conviction); U.S. v. Werbrouck, 589 F.2d 273 (7th Cir.1978) (impeachment efforts limited to cross-examination). Rebuttal testimony concerning specific acts of misconduct on the part of a witness was found to be "extrinsic evidence" within the meaning of Rule 608(b), and therefore inadmissible in U.S. v. Cluck, 544 F.2d 195 (5th Cir.1976). See also U.S. v. Brown, 547 F.2d 438 (8th Cir.1977), cert. den. 430 U.S. 937, 97 S.Ct. 1566, 51 L.Ed.2d 784; U.S. v. Blackshire, 538 F.2d 569 (4th Cir.1976), cert. den. 429 U.S. 840, 97 S.Ct. 113, 50 L.Ed.2d 108.
[2] The trial judge had rejected two submitted alibi instructions, based on his belief that there was insufficient evidence to support such alibi instructions. Holmes v. State, 481 So.2d at 321.
[3] The trial judge had refused another alibi instruction submitted by the defendant, on the grounds that it improperly placed upon the State the burden of proving that the alibi was untrue. This Court agreed with the trial judge that the instruction was improper. Newton, 229 Miss. at 272-273, 90 So.2d at 377.