**7/1/97**

# IN THE COURT OF APPEALS

## OF THE

## STATE OF MISSISSIPPI

## NO. 95-KA-00233 COA

*KEITH DEWAYNE COHEN A/K/A KELO*

*APPELLANT*

*v.*

*STATE OF MISSISSIPPI*

*APPELLEE*

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. ELZY JONATHAN SMITH, JR.

COURT FROM WHICH APPEALED: COAHOMA COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

DARNELL FELTON

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: CHARLES W. MARIS, JR.DISTRICT ATTORNEY: LAURENCE Y. MELLEN

NATURE OF THE CASE: CRIMINAL-AGGRAVATED ASSAULT

TRIAL COURT DISPOSITION: AGGRAVATED ASSAULT - SENTENCED TO SERVE A TERM OF EIGHT YRS IN MDOC THE SENTENCE IMPOSED SHALL RUN CONSECUTIVELY TO ANY & ALL SENTENCES PREVIOUSLY IMPOSED. THE DEFENDANT SHALL MAKE FULL RESTITUTION TO THE VICTIM

MOTION FOR REHEARING FILED:7/15/97

PETITION FOR CERTIORARI FILED: 11/18/97

EN BANC

McMILLIN, P.J., FOR THE COURT:

Keith Dewayne Cohen was convicted of aggravated assault by a jury in the Circuit Court of Coahoma County. He now appeals his conviction claiming that the trial court improperly denied one of his requested jury instructions. We reverse and remand.

I.

Facts

Cohen was indicted for inflicting a gunshot wound to Ginger Wright. Cohen claimed that he had no intention to injure Wright, but had fired the shot in necessary self-defense to repel an impending assault from another individual, Tyrone Johnson.

II.

Discussion

A defendant is entitled to have the jury instructed as to the theory of his defense so long as there is evidence in the record that would support the instruction. *See Jackson v. State,* 645 So. 2d 921, 924-25 (Miss. 1994). Cohen claimed that at the time he injured the victim in this case, he was acting in necessary self-defense to protect himself from an assault by Tyrone Johnson. There is no claim that the victim, Ginger Wright, was participating in any way in the disturbance between Cohen and Johnson. Rather, the theory of the defense was that Wright was merely an innocent bystander who was accidentally injured.

The law in Mississippi is that if one is properly exercising his right to self-defense, he is not criminally liable for purely accidental injuries inflicted on uninvolved bystanders. See *Dykes v. State,* 232 Miss. 379, 99 So. 2d 602 (1957). In *Dykes,* the supreme court dealt with a case where the defendant had been convicted of murdering his wife. Dykes claimed, as his defense, that his wife was killed accidentally when she unexpectedly stepped into his line of fire as he defended himself from an attack by his wife's father. Dykes had previously been tried for the murder of his father-in-law. He had defended that case on the basis of self-defense and had been acquitted. *Dykes,* 99 So. 2d at 606. In spite of this, the State was permitted a "transferred intent" instruction that, if the jury believed Dykes was attempting to purposely kill his father-in-law and accidentally killed his wife in the process, then he could be convicted of the wilful killing of his wife. This had the effect of permitting the jury to re-try Dykes's claim of self-defense in the death of his father-in-law, which the court found to be improper. *Id.* at 607. In remanding for a new trial, the supreme court observed that Dykes's defense was "that he accidentally and unintentionally shot his wife while acting in self-defense against his father-in-law." *Id.* at 607. Under those circumstances, the court concluded that it was error to deny Dykes an instruction that "if [the jury] believed defendant had been acquitted of the murder of his father-in-law, and at the same time he shot Mr. Shannon he was acting in necessary self-defense, and Mrs. Dykes without his knowledge stepped into the line of fire and was accidentally killed, then the

defendant is not guilty." *Id.* at 605. More to the point, the court found it was error to deny an instruction dealing with "the proposition that, where a bystander is accidentally killed while defendant is shooting at another, the question of his guilt will be determined with reference to his right with respect to the person at whom the shot was aimed." *Id.* at 605.

In this case, the jury was instructed as to the elements of self-defense, but it was not further instructed as to the consequences of a finding of self-defense as it related to an innocent bystander. Thus, the jury only had a part of the puzzle. Had Cohen been on trial for assaulting Johnson, this instruction on self-defense would have been enough to explain to the jury the proper law to apply in determining Cohen's culpability. However, in this case, the jury was left with nothing more than its intuition to decide whether an accidental injury to a bystander should be resolved in the same manner as an injury inflicted on the assailant.

This Court cannot escape the conclusion that this state of affairs leaves too much to chance. The jurors, without the guidance of a proper instruction, might properly divine the rule of law to apply. However, it appears substantially as likely that they might decide, based upon their own feelings, that some different and higher standard of care is owed to a bystander and proceed to use that higher standard to improperly impose criminal sanctions where none are warranted.

Our conclusion on this issue is reinforced by the case of *Miller v. State,* 677 So. 2d 726 (Miss. 1996). That case dealt with the trial court's refusal to give an excusable homicide instruction based on a claim of an accident occurring during a struggle over a gun. In *Miller*, the court considered an assertion by the State that an excusable homicide instruction based on an alleged accident is never appropriate when a deadly weapon is involved. 677 So. 2d at 729-30. The court found this not to be the case, concluding that, were that the law, there could never be an accidental death in a hunting accident. *Id.* at 731. Rather, the court concluded that section 97-3-17 of the Mississippi Code of 1972, dealing with excusable homicide, could apply even though a deadly weapon was used. Subsection (a) of that section provides that a homicide may be excused "[w]hen committed by accident and misfortune in doing any lawful act by lawful means, with usual and ordinary caution, and without any unlawful intent . . . ." Miss. Code Ann. 97-3-17(a) (1972). We see no reason why the same principles should not be applied to make an assault that does not produce death excusable under the same circumstances. In this case, the "lawful act by lawful means" would be the exercise of the defendant's right of self-defense. The concept that was not explained to the jury, but which was necessary for them to properly decide the case, was that the defendant's criminal culpability for his unintended injury of his victim was properly measured by the appropriateness of his use of force to repel a perceived attack by Johnson, and that no higher or different duty was owed to Wright than was owed to Johnson.

We have reviewed the text of the requested defendant's instruction D-3, and though it may not be perfectly drawn, it does instruct the jury on the law concerning accidental injuries inflicted while properly defending oneself from attack. None of the instructions given at trial address this same issue, and we are thus left with the conclusion that this jury was not properly instructed.

This case is reversed and remanded for a new trial wherein the defendant may have the jury properly instructed both on his right to defend himself from an assault by Tyrone Johnson and also on the legal consequences arising from an accidental injury inflicted on a third party in the course of legally

defending oneself from an assault.

**THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.**

**COLEMAN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR. BRIDGES, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY THOMAS, P.J., AND DIAZ, J. HERRING AND HINKEBEIN, JJ., NOT PARTICIPATING.**

**7/1/97**

**IN THE COURT OF APPEALS**

**OF THE**

**STATE OF MISSISSIPPI**

**NO. 95-KA-00233 COA**

*KEITH DEWAYNE COHEN A/K/A KELO APPELLANT*

*v.*

*STATE OF MISSISSIPPI APPELLEE*

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

BRIDGES, C.J., DISSENTING:

I respectfully dissent from the majority's opinion to reverse the jury's verdict in this case. Before the jury retired for deliberation, Cohen asked the court to give jury instruction D-3, which was an accident and misfortune instruction. The instruction went as follows:

The court instructs the jury that the shooting and injuring of another human being shall be excusable when committed by accident and misfortune while necessarily defending oneself. In this case if you shall find from the evidence, or have a reasonable doubt therefrom, that Keith Dewayne Cohen, while necessarily defending himself from any sudden or sufficient provocation by Tyrone "Pooh Pooh" Johnson, fired a pistol and accidentally and/or through misfortune shot Ginger Wright, then it is your sworn duty to find Keith Dewayne Cohen and Martin Washington not guilty.

The judge denied the instruction and discussed his denial at length on the record. The judge distinguished the *Dykes* case, which was submitted by the defense in support of D-3 and used exclusively by the majority in its opinion, from the case *sub judice*. The judge also noted that

instruction S-3, which was already given, was entirely sufficient to instruct the jury on self-defense. Finally, the judge noted that instruction D-3 improperly stated the law and was in conflict with certain statutes. I agree with the judge's refusal to give this instruction.

A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is fairly covered elsewhere in the instructions, or is without foundation in the evidence. *Jackson v. State*, 645 So. 2d 921, 924 (Miss. 1994). When dealing with an issue of a refused jury instruction, as we are here, the trial court is afforded considerable discretion, and our primary concern on appeal is that "the jury was fairly instructed and that each party's proof-grounded theory of the case was placed before it." *Splain v. Hines*, 609 So. 2d 1234, 1239 (Miss. 1992) (citing *Rester v. Lott*, 566 So. 2d 1266, 1269 (Miss. 1990)).

The Mississippi Supreme Court has articulated the exact language which should be used in a self-defense instruction. *Robinson v. State*, 434 So. 2d 206, 207 (Miss. 1983), *overruled in part on other grounds by Flowers v. State*, 473 So. 2d 164, 165 (Miss. 1985). The "*Robinson* instruction" very clearly and comprehensively sets out the theory of self-defense. The court in *Robinson* dealt with the issue of an instruction offered by the State and granted by the trial court. The supreme court proposed that the following instruction, instead of the one offered in the trial of Robinson, should

be used to present the self-defense theory to the jury:

The court instructs the jury that to make a killing justifiable on the grounds of self-defense, the danger to the defendant must be either actual, present and urgent, or the defendant must have reasonable grounds to apprehend a design on the part of the victim to kill him or to do him some great bodily harm, and in addition to this he must have reasonable grounds to apprehend that there is imminent danger of such design being accomplished. It is for the jury to determine the reasonableness of the ground upon which the defendant acts.

*Id.*

Here, the trial court granted instruction S-3 which states:

The court instructs the jury that to make an assault . . . justifiable on the grounds of self defense, the danger to such . . . defendants must be actual, present and urgent, or the . . . defendants must have reasonable grounds to apprehend a design on the part of Tyrone Johnson to do . . . them . . . some great bodily harm . . . . It is for the jury to determine the reasonableness of the grounds upon which the defendant or defendants act.

This instruction properly stated the theory of self-defense presented at trial. Instruction S-3 is essentially identical to the *Robinson* instruction and, therefore, properly set forth the defendant's theory of self-defense. I do not agree with the majority's conclusion that the jury was left with only their intuition to decide this case. I firmly believe that the jury could have used S-3 to acquit Cohen if they had found that when he shot Ms. Wright while he was fairly defending himself. The facts, however, do not support this conclusion. It seems to me that the dispositive question in this case is whether Cohen was engaging in justifiable self-defense at the time he shot Ms.Wright. If he was then he should not be found guilty of a criminal act against Ms.Wright. If he was not engaging in

justifiable self-defense then his acts were criminal. Either conclusion could be reached using the instructions given by S-3. The only variables are the facts. The facts in our case are different from those in *Dykes*. The court in *Dykes* based its conclusions upon the fact that Dykes had been previously acquitted of the murder of his father-in-law. In the case *sub judice*, Cohen had not even been tried for assault against Tyrone Johnson.

While instruction S-3 may not be the absolute best summary of the law in Mississippi concerning the relationship between one's right to self defense and one's duty to innocent bystanders, it was accurate and sufficient, especially in light of the problems with proposed instruction D-3. I do not know of the existence of a perfect summary in Mississippi law of the law of self-defense as it relates to innocent bystanders. My thorough review of the record and briefs in this case does not leave me with cause to overturn the jury's verdict. In light of the substantial deference this Court gives to judges' decisions on proposed jury instructions, I cannot vote to overturn Cohen's conviction based solely on what I fail to see as error.

**THOMAS, P.J., AND DIAZ, J., JOIN THIS SEPARATE WRITTEN OPINION.**