755 So.2d 1 (1999)
Tillman HARRELL, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00689-COA.
Court of Appeals of Mississippi.
February 9, 1999.
Rehearing Denied April 20, 1999.
Dwayne G. Deer, McComb, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE McMILLIN, P.J., DIAZ, and KING, JJ.
McMILLIN, P.J., for the Court:
¶ 1. Tillman Harrell was convicted on both counts of a two-count indictment, one for sale of cocaine and one for possession of marijuana. Harrell does not contest his guilt on the marijuana possession count, but he has appealed his conviction for sale of cocaine, raising two issues. We find the issues to be without merit and affirm his conviction on this count.
¶ 2. The State's evidence showed that Harrell, after being approached by undercover narcotics agents, assisted the agents in purchasing a rock of crack cocaine. Harrell did so by locating a willing seller, taking the agents' money, delivering it to the seller, and bringing the cocaine back to the undercover agents.
¶ 3. In this appeal, Harrell does not dispute the evidence. Rather, he argues that his participation in the incident was insufficient as a matter of law to implicate him in a sale of cocaine since there was no proof that he profited from the transaction. Harrell concedes that existing case law does not support his argument, but asks the Court to reconsider the issue and hold that "for someone to be guilty of sale of cocaine they receive some type of remuneration and act in a capacity more than a mere middleman to the transaction."
¶ 4. The Mississippi Supreme Court has held that active participation in an illegal drug transaction is sufficient to support a conviction of sale of drugs without demonstrating that the participant received any benefit from the transaction. Turner v. State, 573 So.2d 1340, 1342 (Miss.1990); Minor v. State, 482 So.2d 1107, 1112 (Miss.1986). We decline Harrell's request to change the existing case law of the State on this subject. Harrell would have us make the prosecution's burden higher in a drug trafficking case by requiring proof that a defendant who unquestionably participated in the transaction derived some benefit from it. The incentives that lure individuals to participate in the drug trade may reasonably be *2 understood to extend far beyond a motive to profit economically. One who facilitates a drug transaction as a favor for a criminally-inclined friend does as much damage to society as another who reaps a small profit from an essentially identical transaction. This Court can discern no compelling reason to decriminalize the former activity while continuing to punish the latter.
¶ 5. Harrell raises as a second issue the claim that the jury's verdict was against the weight of the evidence. In support of this issue, Harrell says only that "[t]he argument that [he] makes for this position is identical to the argument [attacking the sufficiency of the evidence]." His only argument attacking the sufficiency of the State's proof involved the matter of lack of evidence that he profited from the transaction which he facilitated. Since that is not an element of the crime, the lack of evidence on that score cannot affect the weight of the State's proof of his guilt.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF SIXTEEN YEARS WITH EIGHT YEARS TO SERVE AND EIGHT YEARS SUSPENDED WITH SUPERVISION IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $10,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, IRVING, KING, LEE, PAYNE, and SOUTHWICK, JJ., CONCUR.