987 So.2d 1010 (2007)
Andrea PITTMAN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-00676-COA.
Court of Appeals of Mississippi.
November 6, 2007.
Rehearing Denied February 19, 2008.
*1014 J.M. Ritchey, attorney for appellant.
Office of the Attorney General by Stephanie Breland Wood, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.

PROCEDURAL HISTORY
LEE, P.J., for the Court.
¶ 1. On March 17, 2006, a jury in the Madison County Circuit Court found Andrea Pittman guilty of one count of sale of cocaine and one count of possession of cocaine. On the sale of cocaine count, Pittman was sentenced to thirty years with fifteen years to serve in the custody of the Mississippi Department of Corrections and five years supervised probation. On the possession count, Pittman was sentenced to eight years with five years to serve in the custody of the MDOC, the last three years suspended and five years supervised probation. The sentence imposed in the possession count was to run consecutively to the sentence imposed in the sale of cocaine count. Pittman was also ordered to pay court costs in addition to a $5,000 fine.
¶ 2. Pittman then filed a motion for a new trial, which was denied. Pittman now appeals to this Court asserting numerous issues. As many of Pittman's issues are repetitive we have consolidated the issues as follows: (1) the State was unable to disprove her defense of entrapment; (2) the trial court erred in failing to grant certain jury instructions; (3) there was insufficient evidence to support both convictions; (4) the convictions were against the overwhelming weight of the evidence; (5) the trial court erred by not allowing her to introduce certain evidence; (6) the trial court erred in allowing into evidence a tape recording during rebuttal; and (7) she should have been allowed to assert her "procuring agent" defense. Finding no error, we affirm.

FACTS
¶ 3. This case concerns a drug buy in which a confidential informant, Jerry "Opie" Lee, working for the Madison County Sheriff's Department, contacted a deputy and informed him that he could make a buy from Andrea Pittman. At the time Lee and his girlfriend were living with Pittman, along with Pittman's mother, *1015 Maxine Klaas, and her daughters. Lee had overhead Pittman bragging about having a source from whom she purchased cocaine. Lee informed one of the narcotics agents, Tommy Jones, that Pittman offered to procure cocaine for him. Agent Jones informed Deputy Randy Tucker, who decided to go forward with the transaction.
¶ 4. On April 29, 2005, Lee met with Deputy Tucker and obtained $200 in cash to purchase cocaine from Pittman. During this meeting, Lee's car was searched and he was wired so the deputies could hear his conversation with Pittman. Lee, followed by the deputies, then proceeded to Pittman's place of employment. Lee spoke with Pittman, who informed him that she had to go to a house near Fortification Street in Jackson to buy the cocaine. Lee gave Pittman the money and instructed her to meet him in an hour in the parking lot of the Brookshire's grocery store in Ridgeland. Sometime later Lee called Pittman, who informed Lee that she had purchased two eight balls of cocaine and was on her way to the grocery store. Lee stated that Pittman asked him to buy her a Dr. Pepper because she had just done some cocaine and her throat was numb. Pittman arrived at the grocery store, got into Lee's car and handed him the cocaine. Pittman informed Lee that she got the cocaine "at cost" and did not make any profit off the sale. Pittman also asked Lee to leave some cocaine in her nightstand so she could have some later.
¶ 5. At this point the deputies moved in and placed Pittman under arrest. Pittman's vehicle was searched and a box was found containing cocaine and drug paraphernalia. Also, one of the twenty dollar bills, whose serial number was noted prior to the drug buy, given to Lee by Deputy Tucker, was recovered from Pittman's wallet.

DISCUSSION

I. DID PITTMAN ESTABLISH HER ENTRAPMENT DEFENSE?
¶ 6. Pittman's main issues on appeal concern whether she established her defense of entrapment. Pittman argues that she was entrapped because she was induced into committing a crime that she would not normally have committed and that the conduct by the sheriff's department was so egregious as to amount to entrapment as a matter of law. Pittman's brief identifies standard or classic entrapment as well as entrapment as a matter of law. Standard entrapment occurs "when an innocent person with no prior criminal inclination is induced through persistent entreaties by undercover law enforcement agents to commit an offense." Ealy v. State, 757 So.2d 1053, 1056(¶ 7) (Miss.Ct. App.2000). Once the defendant produces evidence that he or she was induced by a government agent to commit the criminal act and that he or she did not have a predisposition to commit the criminal act, the burden shifts to the prosecution to produce evidence of predisposition and the defendant is entitled to a jury instruction on entrapment. Walls v. State, 672 So.2d 1227, 1230 (Miss.1996). Entrapment as a matter of law occurs when the conduct by law enforcement is so offensive as to require the discharge of the defendant. Robert v. State, 756 So.2d 806, 809(¶ 12) (Miss.Ct.App.1999). A common example of entrapment as a matter of law is in a "supply and buy" scenario where law enforcement initially furnishes and later purchases the contraband with which the accused commits the crime. Ealy, 757 So.2d at 1056(¶ 7).
¶ 7. In regard to the standard entrapment claim, Pittman argues that the evidence shows she was not predisposed to *1016 commit the crime prior to the inducement by law enforcement. However, we find that the record reflects otherwise. Lee testified that Pittman bragged about getting paid by her boss to buy cocaine for him. Pittman knew where to find cocaine and admitted that she had been to the house off Fortification Street at least twice before. Pittman admitted that she had been to this house less than a month prior to her arrest in order to buy some marijuana. Pittman admitted that she asked Lee to set aside some cocaine for her after the sale. Deputy Tucker heard Pittman inform Lee that she had done cocaine prior to arriving at the grocery store parking lot. Although Pittman stated that Lee kept asking her to participate in the sale, there is no evidence that she was fearful or reluctant to participate on the day of the sale. Pittman is not excused from buying or selling cocaine simply because Lee asked her to do so. Id. at 1057(¶ 11); Tribbett v. State, 394 So.2d 878, 882 (Miss. 1981).
¶ 8. Whether a defendant is considered predisposed is a question of fact to be decided by the jury and this Court cannot challenge the jury's findings unless there is not substantial evidence to support them. Moore v. State, 534 So.2d 557, 559 (Miss.1988). "Where the jury resolves [this] point against the defendant, he is generally out of luck on appeal." Id. The jury received the entrapment defense jury instruction and was given an opportunity to determine whether Pittman was predisposed to commit the crime. In finding Pittman guilty, the jury clearly believed she was predisposed to commit both crimes.
¶ 9. In regard to the entrapment as a matter of law claim, Pittman argues that the conduct by law enforcement was outrageous and she should be discharged. Pittman has pointed this Court to nothing in the record which shows any outrageous conduct which would shock our common sensibilities. Rather, Pittman was involved in what Deputy Tucker described as a "cut and dried case." We note that the trial court refused to allow Pittman to submit instructions to the jury concerning her defense of entrapment as a matter of law. The trial court found that the facts of the case did not support Pittman's contention that law enforcement acted outrageously.
¶ 10. Pittman also claims that her situation is a "supply and buy" scenario because the State supplied the cocaine. As the State clearly did not supply the cocaine sold by Pittman, Pittman attempts to argue that having Lee supply her with the $200 is the same as if the State had supplied her with cocaine. There is no Mississippi case law to support this assertion. Rather, this Court has found no entrapment as a matter of law in situations where law enforcement provided the money to the confidential informant to make the purchase. See Lyons v. State, 766 So.2d 38, 40(¶ 10) (Miss.Ct.App.2000). Pittman further argues that her situation is similar to a "reverse sale." In a "reverse sale" law enforcement sells drugs owned by the State to suspected drug dealers. Morgan v. State, 703 So.2d 832, 838 (Miss.1997). Pittman again argues that Lee providing her with $200 to buy the cocaine is equivalent to the State furnishing her with the cocaine. We are also unpersuaded by this argument.
¶ 11. The jury did not find that Pittman had been entrapped and we find no evidence in the record to support entrapment. This issue is without merit.
¶ 12. Additionally, Pittman argues that her entrapment defense also applies to her possession conviction. However, the trial court denied a jury instruction *1017 finding that Pittman's defense in regard to the possession charge, that the cocaine was planted in her car, was in opposition to the requirements of an entrapment defense. Instead, the trial court allowed a constructive possession instruction to be submitted to the jury. An entrapment defense concedes the factual component of the underlying offense. Robert, 756 So.2d at 808(¶ 8). As Pittman contends that the cocaine was not hers, her entrapment defense does not apply to her possession conviction.

II. DID THE TRIAL COURT ERR IN FAILING TO GRANT CERTAIN JURY INSTRUCTIONS?
¶ 13. Pittman argues that the trial court erred in failing to grant jury instructions D-2, D-3 and D-8, all of which define entrapment to some extent as a matter of law. Pittman argues that, although the jury was instructed as to standard entrapment, she was entitled to submit an entrapment as a matter of law instruction to the jury. The trial court denied Pittman's requests, finding that the facts of the case did not support the submission of an entrapment as a matter of law instruction. The trial court enjoys considerable discretion regarding the form and substance of jury instructions. Clemons v. State, 952 So.2d 314, 317(8) (Miss. Ct.App.2007). The defendant is entitled to have instructions given that present her theory of the case unless an instruction "incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." Livingston v. State, 943 So.2d 66, 71(14) (Miss.Ct. App.2006).
¶ 14. As previously stated, there was no evidence to support Pittman's contention that she was entrapped as a matter of law. We cannot find that the trial court erred in refusing to grant these instructions; thus, this issue is without merit.

III. WAS THE EVIDENCE SUFFICIENT TO SUPPORT BOTH CONVICTIONS?
¶ 15. Pittman argues that the evidence was insufficient to support both convictions. In reviewing sufficiency of the evidence questions, all evidence supporting the guilty verdict is accepted as true, and the State must be given the benefit of all reasonable inferences that could be reasonably drawn from the evidence. Bell v. State, 910 So.2d 640, 646(¶ 16) (Miss.Ct.App.2005). Furthermore, it is well-settled law that the jury determines the credibility of witnesses and resolves conflicts in the evidence. Evans v. State, 725 So.2d 613, 680-81 (¶ 293) (Miss.1997).
¶ 16. In regard to the sale of cocaine conviction, Pittman argues that, given the misconduct by law enforcement, no reasonable juror could have found beyond a reasonable doubt that she was guilty. Pittman again argues that the State supplied her with cocaine; thus, the trial court should have granted her motion for directed verdict or judgment notwithstanding the verdict. Reiterating that an entrapment defense concedes the factual component of the underlying offense, Robert, 756 So.2d at 808(¶ 8), there is sufficient evidence that Pittman sold cocaine. There was an audio recording of the transaction with Lee, Pittman stated that she bought the cocaine from a man whom she had visited before to buy drugs, and Pittman was caught with some of the buy money in her wallet.
¶ 17. In regard to the possession of cocaine conviction, Pittman argues that the cocaine was planted in her car by law enforcement "amounting to official misconduct that constitutes entrapment as a matter *1018 of law." However, Pittman has provided no evidence to support this contention. Pittman was the only person in her car and did not testify that someone else had been in her car that same day. The cocaine was found in a box in which Pittman admitted that she kept drugs. Pittman believes that her speculation and allegations are sufficient to require reversal. The jury was unpersuaded by these assertions and we are as well. This issue is without merit.

IV. WERE BOTH CONVICTIONS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 18. Pittman also argues that both convictions were against the overwhelming weight of the evidence. Our standard of review concerning the overwhelming weight of the evidence is well-settled: "[W]e will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005). The appellate court sits as a hypothetical "thirteenth juror." Id. As such, the Court weighs the evidence "in the light most favorable to the verdict." Id. If, in this position, the Court disagrees with the verdict of the jury, "the proper remedy is to grant a new trial." Id.
¶ 19. In regard to both the sale of cocaine conviction and the possession conviction, Pittman merely makes a broad assertion that her convictions were against the overwhelming weight of the evidence without offering any support. The evidence clearly established that Pittman sold and possessed cocaine. We cannot find that to allow these convictions to stand would sanction an unconscionable injustice; thus, we find this issue to be without merit.

V. DID THE TRIAL COURT ERR IN FAILING TO ALLOW PITTMAN TO INTRODUCE CERTAIN EVIDENCE?
¶ 20. In her next issue on appeal, Pittman argues that certain evidence and testimony should have been allowed into evidence. Specifically, Pittman states that the trial court should have allowed testimony showing her close emotional attachment to her mother, Maxine Klaas, and testimony about Agent Tommy Jones's grudge against her and her family. The admissibility of evidence is within the discretion of the trial court, and absent abuse of that discretion, the trial court's decision on the admissibility of evidence will not be disturbed on appeal. McCoy v. State, 820 So.2d 25, 30(¶ 15) (Miss.Ct.App.2002). When the trial court stays within the parameters of the Rules of Evidence, the decision to exclude or admit evidence will be afforded a high degree of deference. Id. Also, "the admission or exclusion of evidence must result in prejudice or harm, if a cause is to be reversed on that account." Id.
¶ 21. Pittman attempted to introduce evidence of her close relationship with her mother and evidence of any mental or emotional condition that caused her to be more vulnerable to Lee's inducement. The trial court found that Pittman's bad childhood and relationship with her mother was not relevant to the defense of entrapment. Rather, the trial court noted that the relevant issue was whether Lee threatened or coerced Pittman into selling the cocaine. The trial court did, however, let Pittman make a proffer outside the presence of the jury.
¶ 22. We cannot find that the trial court erred in disallowing this testimony. The defense of entrapment, as previously noted, is whether Pittman was predisposed to commit the crime and was induced by law *1019 enforcement to commit it. We further note that Pittman herself testified to everything on direct examination to which she claims her mother would have testified. The jury was able to hear extensive testimony from Pittman about the close relationship she had with her mother and the effect her mother's illness had on Pittman. The jury was also able to hear testimony from Klaas herself that Pittman was under much stress at the time of her arrest.
¶ 23. In regard to testimony concerning Agent Jones, Pittman argues that Klaas's refusal to sell Agent Jones a parcel of land in the year 2000 was relevant to show Agent Jones's grudge against Pittman's family and his desire to hurt her family. After hearing testimony from Agent Jones, the trial court found this evidence irrelevant, stating that it had nothing to do with whether Pittman was predisposed to sell cocaine. The trial court found that Agent Jones's offer to buy the land over five years ago would be confusing and misleading to the jury. We agree with the trial court, especially in light of Klaas's testimony that she had no direct dealings with Agent Jones concerning the land deal. We note that Agent Jones was aware of a possible conflict because he testified that since he knew Pittman he did not want to be the agent in charge of the case and turned the information over to Deputy Tucker. The testimony at trial showed that it was Deputy Tucker's decision, not Agent Jones's, to proceed with the buy. This issue is without merit.

VI. DID THE TRIAL COURT ERR IN ALLOWING A TAPE RECORDING OF A MESSAGE TO LEE LEFT BY KLAAS INTO EVIDENCE?
¶ 24. Pittman next argues that the trial court erred in allowing the jury to hear a tape recording of a message to Lee left by Klaas. On cross-examination, Klaas twice testified that she never made threats to anyone at any time. On rebuttal the State introduced a recording of a voice mail message to Lee in which Klaas threatened him with physical violence. Pittman claims that the admission of this tape violated Uniform Circuit and County Court Rule 9.04 because the State never disclosed the existence of this tape to Pittman. As previously stated, our standard of review regarding the admissibility of evidence is whether the trial court abused its discretion. McCoy, 820 So.2d at 30(¶ 15).
¶ 25. Although Pittman argues a discovery violation, we find this situation falls under Rule 608 of the Mississippi Rules of Evidence, which states that "specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, ... may not be proved by extrinsic evidence." The supreme court stated that "specific instances of conduct... may not be proved by extrinsic evidence for impeachment purposes; they may only be inquired about on cross-examination." Jackson v. State, 645 So.2d 921, 923 (Miss.1994). In Jackson, the State attempted to impeach a defense witness with extrinsic evidence of specific instances of that witness's conduct and the supreme court found that these attempts were forbidden by Rule 608(b). Id. at 923-24. However, in Jackson, the rule violation was held to be harmless error. Id. at 924. "We are not required to reverse a case based solely upon the showing of an error in evidentiary ruling. A denial of a substantial right of the defendant must have been affected by the evidentiary ruling...." Id. (citing Newsom v. State, 629 So.2d 611, 612 (Miss.1993)).
*1020 ¶ 26. Although the introduction of the tape recording may have been improper, we find any error to be harmless and no reversal required. We cannot find where a substantial right of Pittman's was affected by the ruling. This issue is without merit.

VII. DID THE TRIAL COURT ERR BY REFUSING TO ALLOW PITTMAN TO ARGUE HER "PROCURING AGENT" DEFENSE TO THE JURY?
¶ 27. In her final issue on appeal, Pittman argues that the trial court erred by refusing to allow her to argue her "procuring agent" defense to the jury. Pittman contends that since there was no proof she received any remuneration from the transaction, she was entitled to argue that she was merely a conduit and could not have been convicted of selling the cocaine. However, our law is clear that a seller does not have to realize a profit to be guilty of the sale of a controlled substance. See Boone v. State, 291 So.2d 182, 184 (Miss.1974); Ealy, 757 So.2d at 1058(¶ 18); Edwards v. State, 878 So.2d 1106, 1109(¶ 11) (Miss.Ct.App.2004). That Pittman actively participated in an illegal drug transaction is sufficient to support her conviction without proof of benefit from the sale. See Harrell v. State, 755 So.2d 1, 1(¶ 4) (Miss.Ct.App.1999). This issue is without merit.
¶ 28. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, SALE OF COCAINE AND SENTENCE OF THIRTY YEARS, FIFTEEN YEARS TO SERVE, THE LAST FIFTEEN YEARS SUSPENDED AND FIVE YEARS OF SUPERVISED PROBATION; COUNT II, POSSESSION OF COCAINE AND SENTENCE OF EIGHT YEARS WITH FIVE YEARS TO SERVE, THE LAST FIVE YEARS SUSPENDED AND FIVE YEARS OF SUPERVISED PROBATION, WITH THE SENTENCE IN COUNT II TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY A $5,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.