[Crim. No. 1638. First Appellate District, Division One.—December 28, 1931.]

In the Matter of the Application of JAMES BOAT-WRIGHT for a Writ of Habeas Corpus.

E. E. Keyes for Petitioner.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The petitioner, James Boatwright, is a prisoner in the state prison at San Quentin and seeks to be discharged therefrom on *habeas corpus*. He was charged

in the trial court with petty theft and four prior convictions of felony. He admitted the prior convictions, pleaded not guilty to the charge of petty theft and after trial by jury was found guilty. The judgment of sentence was that he be imprisoned in the state prison at San Quentin until legally discharged. The alleged theft was committed on September 6, 1927, petitioner was sentenced on November 5, 1927, and so far as the record shows he took no appeal from the judgment of conviction. In support of his application he contends that the maximum penalty imposed by law for the commission of the crime for which he was committed to prison is five years imprisonment (Pen. Code, sec. 667), and that after deducting thereform the credits allowed by the prison board he has served more than the full period of a five-year sentence, and therefore is entitled to immediate discharge. In opposition to the application it is claimed that by virtue of the prior convictions of felony petitioner's case falls within the so-called Habitual Criminal Act (Pen. Code, sec. 644), and that therefore he must serve a life term without being eligible to parole.

Section 667, relied upon by petitioner, as re-enacted in 1909 (Stats. 1909, p. 364) and in force in 1927, provided that every person convicted of petty theft, after having been convicted of any offense punishable by imprisonment in the state prison for which he served a term in a penal institution, was punishable by imprisonment in the state prison not exceeding five years, and was subject to parole by the state board of prison directors, under the restrictions provided by law for the parole of first-term prisoners, any act to the contrary notwithstanding. The 1927 amendment to the Habitual Criminal Act (Stats. 1927, p. 1066, sec. 644), which became operative about six weeks prior to the date on which petitioner is alleged to have committed the theft, contained the following provisions: " . . . Every person convicted in this state of any felony who shall have been previously three times convicted, either in this state or elsewhere, of any felony, shall be punished by imprisonment in the state prison for not less than life and shall not be eligible to parole. . . . "

As stated, in the present case there were four prior convictions of felony; but as will be noted the opening clause of the provision of the Habitual Criminal Act just quoted restricts its application to persons subsequently

convicted "of any *felony*" (italics ours); and petitioner contends, therefore, that the word "felony" as there used was intended to apply to such offenses only as are in and of themselves felonies, and that since petty theft is but a misdemeanor, a subsequent conviction thereof is excluded from the operation of said act. We are unable to sustain petitioner's contention for the reason that section 17 of the Penal Code declares that "a felony is a crime which is punishable with death or by imprisonment in the state prison", and as will be observed, under the provisions of section 667 a conviction of petit larceny (now designated as petty theft, Pen. Code, secs. 484 and 490a), after conviction of a felony, etc., is punishable by imprisonment in the state prison. Moreover, such has been the statutory law of this state since 1872, and in construing the same it has been held repeatedly that to charge a person with petit larceny and previous conviction of felony is to charge such person with a felony. (*People* v. *Delany*, 49 Cal. 394; *People* v. *Smith*, 143 Cal. 597 [77 Pac. 449].)

In further support of his contention that subsequent convictions of petty theft do not come within the scope of the Habitual Criminal Law, petitioner calls attention to the fact that in the present case the property alleged to have been taken consisted only "of a 32x3½ Goodyear Cord Tire . . . , tube, rim and felloe of the value of $25.00", and he argues therefrom that it was never intended by the legislature that a person should be imprisoned for life without hope of parole for the theft of property of such trivial value; furthermore, that such a penalty was never contemplated by anyone, including the trial judge, at the time that judgment of sentence was pronounced.

It is apparent, however, from a review of the various code sections relating to the Habitual Criminal Act (Pen. Code, sec. 644), which were first enacted in this state in 1923, that the legislature intended to make imperative the imposition of severe penalties in cases where the offender had been previously convicted of two or more felonies and had served terms therefor in penal institutions; and the fact that in revising many of said code sections during the three succeeding sessions of the legislature it has not expressly excluded from the operation of said act persons subsequently con-

victed of petty theft, clearly indicates that it was always intended that the severe penalties prescribed therein should apply in such cases. In any event, judicial interference with legislative act relating to the severity of punishment is warranted only where the nature and extent of the punishment invades a constitutional right; and in passing upon the constitutionality of the Habitual Criminal Act it has been expressly held that the penalties prescribed therein are neither cruel nor unusual, and therefore are not in contravention of the federal or state Constitutions, the basis of the decision so holding being that the legislature is vested necessarily with a large discretion in determining not only what the interests of the public require, but what measures are necessary for the protection of such interests. (*In re Rosencrantz*, 205 Cal. 534 [271 Pac. 902].)

Nor does the fact, if it be such, that the imposition of the term of imprisonment fixed by the Habitual Criminal Act was not contemplated at the time petitioner was being prosecuted and sentenced, serve as legal grounds for his release on *habeas corpus*, for the reason that said act made it compulsory to charge all prior convictions (Pen. Code, secs. 969, 969a), and fixed the penalty at life imprisonment without parole where three or more prior convictions were established. Therefore, regardless of whatever was contemplated, the imposition of such penalty was imperative.

Petitioner makes the further point that the information is defective in that it does not allege that as a result of the prior convictions he served terms in penal institutions. There is no merit in the point for the reason that section 969 of the Penal Code, as amended in 1927 (Stats. 1927, p. 1152), prescribes the form of allegation to be followed in charging a prior conviction, and the form here used follows the one there prescribed. It is true that in order to bring an accused within the provisions of section 667 it is essential to establish the fact in the trial court, either by evidence introduced to that effect or by admission of the accused, that as a result of the prior convictions of felony he has served terms in penal institutions; and in the second Rosencrantz proceeding (*In re Rosencrantz*, 211 Cal. 749 [297 Pac. 15]), it was held that a conviction of felony within the meaning of the Habitual Criminal Act was not established where it was shown that

the accused was released on probation. But in the present proceeding petitioner makes no claim that he did not serve terms in penal institutions as the result of the convictions of felony charged against him; therefore, in the absence of a showing to that effect, it must be presumed, in support of the judgment that the contrary was established in the trial court prior to the pronouncement of the judgment of sentence.

The legal sufficiency of the form of the judgment pursuant to which petitioner was committed to prison is not challenged; consequently as to all matters connected therewith we express no opinion; and since the grounds urged in the present proceeding do not warrant petitioner's release, the writ is discharged and the proceeding dismissed.

Cashin, J., and Tyler, P. J., concurred.