394 So.2d 1376 (1981)
Butch Lee BAKER
v.
STATE of Mississippi.
No. 52439.
Supreme Court of Mississippi.
March 11, 1981.
Rehearing Denied April 1, 1981.
*1377 James H. Heidelberg, Wright & Heidelberg, Pascagoula, for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Special Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
PATTERSON, Chief Justice, for the Court:
Butch Lee Baker was convicted in the Circuit Court of the First Judicial District of Harrison County for carrying a concealed weapon after conviction of a felony and sentenced to life imprisonment without probation or parole under the habitual offender statute. Baker appeals, assigning four errors:
1. MCA § 99-19-83 (habitual offender statute) is unconstitutional as written and applied.
2. The Court erred in admitting evidence of four prior convictions at the trial-in-chief.
3. The proof was insufficient to sentence Baker as an habitual offender.
4. The Court erred in improperly instructing a state's witness regarding his testimony.
On January 10, 1979, Baker purchased a .38 Brohm pistol from Louis Tyler, commonly know as Fish Slim. Larry Dedeaux testified defendant was carrying the weapon in Mrs. Baker's automobile on the night of January 10, 1979. Mrs. Baker was driving the car, Baker was seated on the passenger's side of the front seat, and Dedeaux was seated in the rear. Baker fired the gun once into the backseat of the automobile and also fired it in his home. While they were riding around, Baker got out of the car at one time with the gun partially concealed in his pants belt. Throughout the night, the gun stayed mostly in Baker's hands.
Officer James K. Sanders testified Baker was arrested on February 3, 1979, and after being read his constitutional rights, voluntarily made an oral statement which was taped and later transcribed. In it Baker confessed he purchased the gun which he later sawed off because the barrel was split. He also confessed to other crimes committed which were deleted from his statement and not admitted as evidence at trial.
Certified copies of Baker's prior felony convictions in Oklahoma were introduced into evidence in the single stage trial. These convictions included rape in the first degree, assault and battery with intent to kill, and escape from a state penitentiary. Baker admitted in his testimony that he was convicted of these prior felonies and actually served 6 years, 5 years, and 2 years, respectively.
Baker challenges the constitutionality of MCA § 99-19-83 (Supp. 1980) as written *1378 and applied. This statute, one of Mississippi's recidivist statutes designed to deter habitual criminals and subsequent offenders, provides as follows:
§ 99-19-83. Sentencing of habitual criminals to life imprisonment.
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Baker asserts the statute violates the Mississippi Constitution, Article 3, § 28 and the Eighth Amendment of the U.S. Constitution's prohibition against cruel and unusual punishment as applied to the states through the Fourteenth Amendment. Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).
His challenge is based on a double enhancement theory in that the crime of carrying a concealed weapon is generally a misdemeanor but as to felons it is raised to the level of a felony. MCA § 97-37-5 (1972). To enhance the punishment to which Baker is subject because of his classification as a former felon, the recidivist statute, § 99-19-83, is also applied. Thus, according to appellant, the two statutes, operating together, doubly enhance Baker's sentence to life imprisonment without probation or parole. We are of the opinion appellant's double enhancement rational is not a convincing challenge to the constitutionality of § 99-19-83. Stated differently, it is not cruel and unusual punishment.
Appellant's reliance on Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) is misplaced, for there the U.S. Supreme Court held the application of the Texas recidivist statute as applied was not cruel and unusual punishment. Rummel was sentenced to life imprisonment subject to parole following a third felony conviction for obtaining $120.75 by false pretenses. Although Baker's life imprisonment is not subject to probation or parole and the variable of possible parole is not present in Baker's case as in Rummel, we are of the opinion that the granting of the privilege of parole to a certain class of criminals and the denial of parole to others is a question of state policy exclusively for the state's decision. Ughbanks v. Armstrong, 208 U.S. 481, 28 S.Ct. 372, 52 L.Ed. 582 (1908). It is a matter within the legislative prerogative which is not a proper subject of judicial interferences. Society is entitled to protection against criminals who habitually wreak unlawful aggression against the lives and property of the law abiding citizens of the state. When a convicted felon has demonstrated incorrigibility to the ordinary modes of punishment, it becomes necessary to seek other means to deter his criminal propensities, and such may be done by the legislature even to the extent of depriving him permanently of his liberty. See Ex Parte Boatwright, 119 Cal. App. 420, 6 P.2d 972 (1931); In Re Rosencrantz, 205 Cal. 534, 271 P. 902 (1928).
We have long held that a sentence which does not exceed statutory limits is not cruel or unusual punishment. McAdory v. State, 354 So.2d 263 (Miss. 1978); Ainsworth v. State, 304 So.2d 656 (Miss. 1975), cert. denied, 422 U.S. 1012, 95 S.Ct. 2637, 45 L.Ed.2d 676 (1975); Clanton v. State, 279 So.2d 599 (Miss. 1973). These decisions and numerous others recognize the principle of legislative discretion in determining the proper punishment for criminal offenders and we think this accords with Rummel wherein Justice Rehnquist stated:
The purpose of a recidivist statute such as that involved here is not to simplify the task of prosecutors, judges, or juries. Its primary goals are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from *1379 the rest of society for an extended period of time. This segregation and its duration are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes. Like the line dividing felony theft from petty larceny, the point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction. 445 U.S. at 284-285, 100 S.Ct. at 1144-1145, 63 L.Ed.2d at 397.
Therefore, we hold that § 99-19-83 is constitutional as written and as applied to the present case.
Appellant's second assignment of error that the court erroneously admitted evidence of four prior convictions at the trial-in-chief is in the nature of an attack on the single stage proceeding for both the guilt and recidivist phases of Baker's trial held on July 10, 1979. While it is true that the Mississippi Uniform Criminal Rules of Circuit Court Practice 6.04 (1979) provides for a bifurcated trial on the issues of guilt and recidivism, these rules were not adopted until August 15, 1979, approximately one month after Baker's trial. Because Baker's trial antedated the adoption of Rule 6.04 providing for bifurcation on the issues of guilt and recidivism, the introduction of the prior felony convictions in a single stage proceeding was proper. Spencer v. Texas, 385 U.S. 544, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); Nettles v. State, 380 So.2d 246 (Miss. 1980); Davis v. State, 377 So.2d 1076 (Miss. 1979); Lay v. State, 310 So.2d 908 (Miss. 1975).
Appellant further asserts the proof was insufficient to sentence Baker as an habitual offender. Again appellant's assertion is not meritorious. The indictment included the principal charge of carrying a concealed weapon after conviction of a felony and also included three prior felony convictions, two of a violent nature. Certified copies of the prior convictions were introduced into evidence, and Baker's testimony corroborated the fact that he had been convicted and served his sentences for all three prior felonies. The State sufficiently proved the prior convictions, so that we are of the opinion the enhancement of Baker's punishment under § 99-19-83 was based upon ample evidence. See Jordan v. State, 362 So.2d 647 (Miss. 1978); Bell v. State, 355 So.2d 1106 (Miss. 1978); Lay, supra.
Appellant further argues the Court erred by improperly instructing a state's witness regarding his testimony. We believe the instruction of witness Larry Dedeaux was necessary because the trial court deleted certain portions of Baker's confession concerning other crimes committed by Baker on the night he was carrying a concealed weapon. Dedeaux was witness to these other inadmissible crimes, and it was highly probable that he would have mentioned them in the presence of the jury had he not been so instructed. The following discussion occurred outside the presence of the jury.
"BY THE COURT: All right, now what is it you want to show?
BY MR. THOMAS: Here's what it is, Judge. This witness here, this next witness here, is Larry Dedeaux; right?
BY THE WITNESS: Yes, sir.
BY MR. THOMAS: Okay. Mr. Dedeaux was with this Defendant on the evening of January 10th of this year, after he had purchased this weapon. Obviously, the entire statement reflects what happened and why this weapon was purchased, marked State's Exhibit No. 1, and what was done with it afterwards.
Now, my, in trying to follow the Court's ruling, I don't want to get into another crime that occurred that evening other than this one thing and that's the fact that this Defendant was carrying this concealed weapon.
BY THE COURT: Well, take him back there and tell him that he can tell that he rode around all afternoon or night or however long this was, likely it was an extended period of time and that the *1380 Defendant had the gun with him during that time and I understand that he shot into the backseat once. Is that right?
BY MR. THOMAS: That's right.
BY THE COURT: Well, you can bring that out. But, I think that's all that should be brought out here and keep him off the other things. You coach the witness. You know what you want. All right, let's take a break.
BY MR. THOMAS: You understand what he just said....
BY THE COURT: (Interposing) You listen to what he tells you, Larry. In other words, we can't bring out, the State cannot show in its case-in-chief against the Defendant that you all had, that there was rape going on that night and these other things about shooting into the fellow's house. Of course, you can show that he shot it into the backseat. I couldn't understand what he was shooting at back there except just to see if it would shoot. All right, we'll take a recess."
These instructions were protective of Baker and not prejudicial to him in any way. The trial judge has the responsibility within judicial discretion to confine testimony to the issues before it. Hannah v. State, 336 So.2d 1317 (Miss. 1976). In this regard the trial judge did not abuse his discretion.
The verdict and sentence are affirmed.
AFFIRMED.
SMITH and ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.