482 So.2d 1139 (1986)
Bennett BRIDGES
v.
STATE of Mississippi.
No. 56302.
Supreme Court of Mississippi.
January 29, 1986.
*1140 Kennie E. Middleton, Fayette, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and HAWKINS and ANDERSON, JJ.
HAWKINS, Justice, for the court:
Bennett Bridges pled guilty to a charge of capital murder before the circuit court of Jones County and was sentenced as a habitual offender under Miss. Code Ann. § 99-19-81 (1972), to serve the remainder of his life in prison without parole. We affirm.
Bridges' attorney assigned and argued only one ground for reversal, that the imposition of the habitual offender law in this case was violative of the United States Constitution's 8th Amendment prohibition against cruel and unusual punishment as applied to the states through the 14th Amendment.
This Court in Baker v. State, 394 So.2d 1376 (Miss. 1981), considered a similar 8th Amendment challenge to Mississippi's other habitual offender statute, § 99-19-83.
Chief Justice Patterson, writing for the Court in Baker, explained the Court's reasoning in upholding the constitutionality of § 99-19-83, as follows:
We have long held that a sentence which does not exceed statutory limits is not cruel or unusual punishment. McAdory v. State, 354 So.2d 263 (Miss. 1978); Ainsworth v. State, 304 So.2d 656 (Miss. 1975), cert. denied, 422 U.S. 1012, 95 S.Ct. 2637, 45 L.Ed.2d 676 (1975); Clanton v. State, 279 So.2d 599 (Miss. 1973). These decisions and numerous others recognize the principle of legislative discretion in determining the proper punishment for criminal offenders and we think this accords with Rummel [Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1920)] wherein Justice Rehnquist stated:
The purpose of a recidivist statute such as that involved here is not to simplify the task of prosecutors, judges, or juries. Its primary goals are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes. Like the line dividing felony theft from petty larceny, the point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction. 445 U.S. at 284-285, 100 S.Ct. at 1144-1145, 63 L.Ed.2d at 397.
Id. at 1378-1379.
We therefore hold that § 99-19-81 is constitutional as written and as applied to the present case.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.