543 So.2d 184 (1989)
Willie GAMBLE
v.
STATE of Mississippi.
No. 58463.
Supreme Court of Mississippi.
May 3, 1989.
Roy Pitts, Meridian, for appellant.
Mike Moore, Atty. Gen., Harrison S. Ford, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and BLASS, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Willie Gamble was indicted, tried and convicted in the Circuit Court of Lauderdale County, Mississippi, for the sale of marijuana in excess of one (1) ounce, was found guilty by the jury, and was sentenced to twelve (12) years in the custody of the Mississippi Department of Corrections. He has assigned one (1) error in the trial below on this appeal.

Facts
On October 8, 1986, agent James Cotton, an undercover operative with the Mississippi Bureau of Narcotics, accompanied by an informant for Cotton, Douglas Ray McKee, went to the residence of the appellant Willie Gamble. The purpose was to purchase marijuana, and, inside the residence, agent Cotton purchased approximately eight (8) ounces of the contraband from the appellant. At the trial, it was undisputed that appellant sold the marijuana to the State Narcotics Agent. Appellant's defense was entrapment.
Agent Cotton testified that he met with the informant and was told by him that the appellant was selling marijuana out of his home; that the informant set up a drug transaction between appellant and the undercover agent; that the agent and the informant went to appellant's home where they were escorted to the kitchen by the appellant; that the informant left the room and went elsewhere and that the agent and the appellant transacted the drug deal, agent Cotton paying the appellant $650.00 for the approximately eight (8) ounces of marijuana. As stated, it is undisputed that a drug transaction actually took place.
The appellant testified that the day before the transaction in question took place, the informant Douglas McKee came to his residence; that McKee told Gamble he (McKee) was in dire straits financially and was being watched by narcotics agents; that McKee pled with him to make a drug deal for McKee because he was being watched by the police; that McKee told appellant he needed to pay some bills to support his family and that the only way he could do it was by selling some marijuana to an individual; that, after some period, he agreed to sell some marijuana for the informant; that the informant McKee gave Gamble a quantity of marijuana to deliver *185 to the person McKee would bring to appellant's house; that on the following day McKee showed up with the person, whom he now knows to be agent Cotton; that when Cotton and McKee came into his house, he was introduced to agent Cotton as being McKee's cousin; that all three of them went to the kitchen where appellant produced the quantity of marijuana from the refrigerator and weighed it out on a set of scales which he said was given to him by McKee and that he gave this quantity of marijuana to agent Cotton, for which he was paid $650.00; and that he would not have sold any marijuana had it not been for the pleading of McKee on the day before.
The district attorney cross-examined appellant but was unable to shake his story in any way. The State failed to put on the informant McKee nor did it produce any other evidence to rebut the undisputed and uncontradicted entrapment defense, i.e., that the marijuana was supplied and was the property of the State's agent and was done for that agent.

I.

THE LOWER COURT ERRED IN REFUSING TO GRANT APPELLANT'S MOTION FOR A DIRECTED VERDICT AT THE CONCLUSION OF ALL THE EVIDENCE IN THE CASE, SINCE THE APPELLANT ESTABLISHED THE DEFENSE OF ENTRAPMENT BY HIS OWN UNCONTRADICTED AND UNIMPEACHED TESTIMONY.
In Kemp v. State, 518 So.2d 656 (Miss. 1988), the Court held that such a reverse undercover operation embraced all elements and requirements for entrapment and that the defense was valid against the charge of conspiracy to possess marijuana. See also Barnes v. State, 493 So.2d 313 (Miss. 1986), and King v. State, 530 So.2d 1356 (Miss. 1988). In King v. State, 530 So.2d 1356, 1358 (Miss. 1988), this Court said:
Entrapment is an affirmative defense. Once the defendant makes out a prima facie case that he was entrapped, two consequences follow. First, the burden of production and proof shifts to the prosecution. Irving v. State, 431 So.2d 130, 133-34 (Miss. 1983); Tribbett v. State, 394 So.2d 878, 881 (Miss. 1981); Alston v. State, 258 So.2d 436, 438 (Miss. 1972). Second, the accused becomes entitled to have the issue of entrapment submitted to the jury on proper instructions.
The lower court in the case sub judice, granted an instruction on entrapment, but the jury rejected the law of entrapment as stated in the instruction. Had the State rebutted the testimony of appellant by calling McKee or by some other credible evidence, the lower court properly would have declined to sustain the motion for directed verdict. However, where the evidence stands uncontradicted, undisputed, and unimpeached, even though the jury may not have believed the appellant, that testimony stands and makes out the defense. In cases such as this, prosecutors must have rebuttal evidence at hand to refute such testimony.
The uncontradicted defense having been established, the lower court erred in refusing to grant the motion for directed verdict. Therefore, the judgment of the lower court is reversed and the appellant is discharged.
REVERSED AND APPELLANT DISCHARGED.
PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., concurs in results only.
HAWKINS, P.J., not participating.