# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-KA-01541-SCT

*RICKY BRAXTON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/27/1998 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN EDWARD JACKSON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | ALEXANDER C. MARTIN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/27/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BANKS, P.J., McRAE AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. Convicted of the unlawful sale of cocaine and sentenced to the statutory maximum of 30 years in the custody of the Mississippi Department of Corrections, Ricky Braxton appeals and argues (1) that the circuit court erred in denying his motion for a new trial or a j.n.o.v. and (2) that his sentence is excessive and constitutes cruel and unusual punishment. We disagree and affirm his conviction.

## FACTS AND PROCEEDINGS BELOW

¶2. On March 31, 1998, Shenedian Mitchell, a confidential informant, purchased $60 worth of crack cocaine from Ricky Braxton. Mitchell had worked with the Hazlehurst Police Department as a confidential informant for the past five years. Prior to the buy, both Mitchell and her car were searched by narcotic task force officers, Bobby Joe Errington and Donna Davis. No drugs were found on Mitchell or in her vehicle. Additionally, Mitchell was wired with a body mike, and a video camera was placed in her car.

¶3. While under surveillance by Officers Errington and Davis, Mitchell called Braxton and arranged a meeting at RB's Quick Stop. Braxton drove by the store, Mitchell followed Braxton, and they stopped on Daniel Lane. Daniel Lane is a road running behind RB's Quick Shop. As Braxton got out of his truck, Mitchell said she wanted "$60 worth." Braxton put 5 rocks in Mitchell's hand and said, "Don't keep coming down to my job because they are watching me at my job." Braxton then left, and Mitchell followed behind him. Mitchell kept the rocks tightly clinched in her hand until she reached Officers Errington and Davis. She

then turned the five rocks over to Officer Errington. Once again, Mitchell and her vehicle were searched, and no other narcotics were found.

¶4. The Mississippi Crime Laboratory tested the rocks and determined that they were, in fact, crack cocaine. Although the incident was videotaped, no actual drugs were seen on the videotape. Instead, the $60 is shown, along with Mitchell's tightly clinched fist. Accordingly, Braxton, a part-time photographer, argues that he was simply contracting to take some pictures for Mitchell and contends that the $60 Mitchell gave him was the ½ deposit required for his $120 photo package.

¶5. Thereafter, Braxton was indicted, tried, and convicted in the Circuit Court of Copiah County for the unlawful sale of cocaine. Braxton was sentenced to serve a term of 30 years in the custody of the Mississippi Department of Corrections. His sentence was to run concurrently with another sentence imposed under Cause No. 15,393. Aggrieved by his conviction and sentence, Braxton timely perfected this appeal.

## STATEMENT OF LAW

### I.

### WHETHER THE CIRCUIT COURT ERRED IN DENYING MOTIONS FOR A NEW TRIAL OR A J.N.O.V.

¶6. Braxton asserts that the circuit erred in denying his motion for a new trial, or in the alternative, his motion for a j.n.o.v. "A motion for new trial simply challenges the weight of the evidence." *Sheffield v. State*, 749 So. 2d 123, 127 (Miss. 1999). Accordingly, "we will not order a new trial unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." *Groseclose v. State*, 440 So. 2d 297, 300 (Miss. 1983).

¶7. The standard of review for a motion for a judgment notwithstanding the verdict, however, implicates the sufficiency of the evidence and is set forth as follows:

> [W]e must, with respect to each element of the offense, consider all of the evidence - not just the evidence which supports the case for the prosecution - in the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.

*Gleeton v. State*, 716 So. 2d 1083, 1087 (Miss. 1998). Specifically, Braxton contends that the Mitchell's prior history of drug abuse challenges her credibility and that "[Mitchell] seeks to create a case where there is none." This Court disagrees and finds the circuit court properly denied Braxton's motion for a new trial or, in the alternative, his motion for a j.n.o.v.

¶8. In the present case, Mitchell had worked as a confidential informant for five years. Both officers testified that Mitchell had a history of being a reliable informant. Braxton, however, alleges that Mitchell's prior drug usage makes her testimony unreliable. Braxton further contends that Mitchell "creates the case" because she

"was out of work, had a drug habit, and was paid money by law enforcement for each drug sale she secured." At trial, Mitchell did, in fact, testify that she has and does use drugs. Mitchell further testified to the events surrounding the transaction. The videotape corroborated Mitchell's testimony and was shown to the jury. While it is true that the videotape does not actually show the 5 rocks of cocaine, it does show Mitchell's tightly clinched fist from the time of the transaction until the moment she handed the rocks to Officer Errington.

¶9. Additionally, the jury heard Braxton testify that he was simply contracting to take pictures for Mitchell. The jury might, however, question why Braxton would orally contract to make pictures on a road behind a convenience store or why Braxton never took the pictures he supposedly contracted to take. The jury further heard Officers Errington and Davis testify that they thoroughly searched Mitchell and her vehicle before and after the transaction and found no signs of narcotics, other than the 5 rocks she handed Officer Errington immediately following the meeting with Braxton.

¶10. "It is enough to say that the jury, and not the reviewing court, judges the credibility of the witnesses as well as the weight and worth of their conflicting testimony." ***Gathright v. State***, 380 So. 2d 1276, 1278 (Miss. 1980). In the present case, sufficient evidence was introduced so that a reasonable juror could have found Braxton guilty of selling cocaine. Furthermore, the jury's resolution of the case did not present an "unconscionable injustice." The State provided ample evidence to support the verdict, and we find the circuit court did not abuse its discretion by denying Braxton a new trial, in or in the alternative, a judgment notwithstanding the verdict.

## II.

### WHETHER THE CIRCUIT COURT'S SENTENCE OF 30 YEARS WAS PROPER

¶11. Braxton maintains that his sentence of 30 years in the custody of the Mississippi Department of Corrections is excessive, cruel and unusual. This Court disagrees and finds that the circuit court did not err in sentencing Braxton to 30 years.

¶12. Braxton was convicted under Miss. Code Ann. § 41-29-139 and received the maximum sentence of 30 years. Thus, Braxton's sentence was within the statutory guidelines prescribed by the Legislature. We have long held "that a sentence which does not exceed statutory guidelines is not cruel or unusual punishment." ***Baker v. State***, 394 So. 2d 1376, 1378 (Miss. 1981). Furthermore, "We have never found a maximum penalty in a drug case- even if the sentences were to run consecutively-to be cruel and unusual punishment." ***[Herring v. State](#)***, 691 So. 2d 948, 958 (Miss. 1997). It is within the legislative purview to define crimes and to assign punishment. ***[Weaver v. State](#)***, 713 So. 2d 860, 863 (Miss. 1997). Therefore, the circuit court did not err in sentencing Braxton to 30 years in the custody of the Mississippi Department of Corrections. We find this issue to be without merit.

## CONCLUSION

¶13. The circuit court did not abuse its discretion by denying Braxton's motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. Furthermore, Braxton's sentence of 30 years in the custody of the Mississippi Department of Corrections was not excessive or cruel and unusual since it was within the statutory guidelines. Therefore, we affirm the judgment of the Circuit Court of Copiah County.

¶14. **CONVICTION OF UNLAWFUL SALE OF COCAINE AND SENTENCE OF THIRTY (30)**

YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. SAID SENTENCE SHALL RUN CONCURRENTLY WITH THE SENTENCE IMPOSED IN CAUSE NO. 15,393. APPELLANT SHALL BE GIVEN CREDIT FOR JAIL TIME SERVED.

PRATHER, C.J., PITTMAN AND BANKS, P.JJ., McRAE, SMITH, WALLER, COBB AND DIAZ, JJ., CONCUR.