IRVING, J.,
dissenting:
¶ 12. I respectfully dissent from the majority’s affirmance of Lee’s conviction and sentence because in my opinion, he presented un-rebutted testimony that the cocaine was supplied by a confidential informant and this testimony was not unreasonable or improbable on its face. The sole issue presented by Lee, taken verbatim from his brief, is:
WHETHER THE TRIAL COURT ERRED IN NOT FINDING THAT LARRY LEE WAS ENTRAPPED AS A MATTER OF LAW GIVEN HIS UNCONTRADICTED TESTIMONY THAT THE CONFIDENTIAL INFORMANT SUPPLIED TO HIM DRUGS THAT WERE LATER PURCHASED BY LAW ENFORCEMENT.
¶ 13. Entrapment is a defense which must be affirmatively asserted by the accused. In so doing, the accused usually admits[2] he committed the acts constituting the crime for which he is charged but alleges that he was induced by an agent of the State to commit the offense, and in some drug cases, as here, that the contraband was in fact supplied by the State or an agent of the State. See Sylar v. State, 340 So.2d 10 (Miss.1976).
*1101 ¶ 14. Lee testified that the confidential informant, Vernell Wilson, supplied the cocaine that Lee was convicted of possessing.[3] The confidential informant did not testify, and none of the State’s witnesses contradicted Lee’s assertion that the contraband had been supplied by Vernell Wilson, the confidential informant.
¶ 15. Our cases seem to be split on the consequence which flow from un-rebutted evidence that the contraband, which is the subject of the crime, was supplied by law enforcement or an agent of law enforcement. See Jones v. State, 285 So.2d 152 (Miss.1973) and Gamble v. State, 543 So.2d 184 (Miss.1989) holding that entrapment exists as a matter of law and that the accused is entitled to a directed verdict; Tanner v. State, 566 So.2d 1246 (Miss.1990) acknowledging the teaching of Jones and Gamble but asserting that predisposition to commit the offense robs the defendant of protection from prosecution; Bosarge v. State, 594 So.2d 1143 (Miss.1991) affirming that in supply-and-buy cases a defendant is entitled to a directed verdict upon his un-rebutted testimony that the contraband was supplied by a drug agent or confidential informant. While there is still some confusion in our law as to the consequences which attach, in supply-and-buy entrapment cases, to un-rebutted testimony that an agent of the state supplied the contraband, it appears that Tanner and Bosarge, both decided after Gamble, either resurrect or keep alive the long established rule that where entrapment is the defense, predisposition to commit the offense is an issue for jury consideration.
¶ 16. The majority accepts the State’s argument that (1) Lee’s admission of having the cocaine that he gave to Wilson, the confidential informant, is sufficient to sustain Lee’s conviction of possession of cocaine (2) Lee’s testimony was contradicted by the testimony of Officer Wallace Jones and the tape of the recorded transaction (3) predisposition was shown by the admissions made by Lee on cross-examination (4) the jury was properly instructed on entrapment and resolved the issue against Lee.
¶ 17. The argument that possession of cocaine given to a defendant by an agent of the State is sufficient to convict a defendant of possession, without proof of predisposition by the defendant to possess same, is without undergirding in all of the entrapment cases mentioned, supra, and is clearly absurd. In this case Lee admitted he gave the cocaine to Wilson but he also testified uncontradicted that the cocaine had been given to him earlier that day by Wilson.
¶ 18. The argument that Lee’s testimony was contradicted by Officer Wallace Jones and the tape of the recorded transaction misses the point. Officer Jones contradicted Lee’s testimony, not about the original source of the cocaine, but about whether, at the time of the sale, the cocaine was passed directly to Officer Jones and payment therefor to Lee as testified by Jones, or to Vernell Wilson and payment therefor, as testified by Lee. This contradiction is of no moment as long as the original source of the cocaine was the paid confidential informant, Vernell Wilson. See Sylar, supra, where the defendant was supplied with a package of marijuana by an undercover agent that the defendant later delivered to another undercover agent at the request of the first agent. In reversing the defendant’s conviction for sale of the marijuana, our Supreme Court held that the defendant was made a “mere conduit”. In Sylar, the payment for the marijuana was given to the defendant but returned by him to the first agent. Here Lee testified that the agent offered to give him $1,200 in payment for the cocaine but that he told the agent to give it to Wilson and that he, Lee, did not accept the money, a fact contradicted by Officer Jones. How *1102 ever, none of the supply-and-buy entrapment cases turn on who actually received the money for government supplied contraband.
¶ 19. The majority’s acceptance of the State’s argument that predisposition was shown in this case by the admissions made by Lee on cross-examination begs the question. Succinctly stated, Lee testified that (1) Vernell Wilson, the confidential informant, told him that Wilson had some cocaine he wanted to sell but did not want Wilson’s relatives to know that Wilson was doing this (2) Wilson asked him to take the cocaine and give it to someone who would call for it (3) that approximately a week prior to the date of the sale [or transfer according to Lee], Wilson had asked him several times to deliver some cocaine for him and that one time he agreed but changed his mind (4) on the day of the sale [or transfer] Vernell Wilson came by and brought the cocaine and then left to go pick up Wilson’s cousin who actually turned out to be Officer Jones (5) Wilson stayed gone so long that he (Lee) went over to Lee’s girlfriend’s house and started cutting grass (6) Wilson finally returned with Officer Jones and Lee and Wilson had a conversation out of earshot of Officer Jones, in which conversation Lee offered to give the cocaine to Jones at that time but that Wilson told him to come on down the road and make the transaction so as to make it look good. The majority’s reliance on Lee’s admission — that approximately a week prior to the actual sale or transfer, he initially acceded to Wilson’s entreaties to sell some cocaine but later changed his mind — as evidence of predisposition is misplaced because entrapment, in my opinion, begins when the State sets in motion a scheme to trap the unwary innocent. A valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in criminal conduct. Mathews v. United States, 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). Clearly the inducement must necessarily begin when the effort to do so commences. When Wilson went to Lee approximately a week before the transaction- actually occurred, Wilson was then and there acting in his capacity as a paid confidential informant for the State for the purpose of inducing Lee to commit the act ultimately committed by Lee, albeit a week later. There is nothing in this record to indicate that Lee was trafficking in drugs or cocaine before the entreaties from Wilson to do so, and the fact that he vacillated during the inducement period cannot be accepted as evidence of predisposition. Stated another way, in my opinion, the relevant period for consideration of predisposition in this case is what the state knew or reasonably suspected of Lee’s actions relative to drug activities prior to the commencement of Wilson’s entreaties which are contended to be the nuclei of the inducement.
¶ 20. Finally, the fact that Lee testified that he eventually agreed to do the transaction to “make a little change” provides, in my opinion, no comfort zone for the majority’s conclusion that Lee was not entitled to a directed verdict. If he was not predisposed “to make a little change” before he was induced to do so, the fact that he made a little change after being induced to do so is no bar to a valid entrapment defense.
¶ 21. Given these facts, it appears obvious to me that this case falls squarely within the teaching of Gamble, 543 So.2d at 185, that “where the evidence stands uncontradicted, undisputed and un-im-peached, even though the jury may not have believed the appellant, that testimony stands and makes out the defense. In cases such as this, prosecutors must have rebuttal evidence at hand to refute such testimony.” The record compels the following factual conclusions: (1) the State had no information or reasonable suspicion that Lee was engaged in cocaine or drug trafficking before the commencement of the inducement effort by Wilson (2) Lee’s testimony was uncontradicted that the co *1103 caine he gave to Officer Jones was supplied by Wilson, an admitted confidential informant (3) there was no pre-entrapment acts or activities of Lee indicating that he was indeed involved in cocaine or other drug trafficking, whether known to the State or not. For these reasons, I would reverse and render.
KING AND SOUTHWICK, P.JJ., COLEMAN AND PAYNE, JJ., JOIN THIS SEPARATE WRITTEN OPINION.

. In Hopson v. State, 625 So.2d 395 (Miss.1993), our supreme courL abolished the long established requirement that the accused had to admit the offense with which he was charged in order to have an entrapment instruction submitted to the jury.

. Lee was indicted and tried for sale of cocaine, but was convicted of the lesser included offense of possession of cocaine.