CHANDLER, J.,
for the Court:
¶ 1. Johnnie Cain Lott was convicted in the Circuit Court of Simpson County of two counts of transferring morphine and hydrocodone, Schedule II controlled substances, within 1500 feet of a public park. Lott was sentenced to ten years imprisonment on each count. The trial judge ordered the sentences to run concurrently. Lott cites the following issue on appeal:
WHETHER THE CIRCUIT COURT ERRED IN DENYING LOTT’S MOTION FOR A DIRECTED VERDICT.
Finding no merit, we affirm.
FACTS
¶ 2. On April 22, 1998, L.C. Cheeks, a narcotics agent, and Lewis Young, a confidential informant, drove to McNair Springs Park to meet Johnnie Cain Lott. Young, who was acquainted with Lott, arranged the meeting so Agent Cheeks could obtain evidence that Lott was engaged in the practice of selling illegal prescription drugs.
¶ 3. When they arrived at the park, Agent Cheeks and Young remained in the car while Lott and Lott’s wife drove along beside them. Young introduced Lott to Agent Cheeks, and Agent Cheeks told Lott that he wanted to buy some morphine tablets. Lott told Agent Cheeks that he only had two morphine tablets, but said he had some lorcet tablets “to get rid of.” Agent Cheeks purchased the morphine tablets from Lott for $130. Young then told Lott that Agent Cheeks had an additional $300 to spend and wanted to buy more drugs. Lott said he would contact his source in one hour and instructed Agent Cheeks and Young to call him after that time to let him know which drugs they wanted to buy. At this point the conversation ended. Agent Cheeks nor Young had any further conversations with Lott. An audiotape of the above transaction was introduced into evidence.
¶ 4. At trial, Lott claimed that he was entrapped. He testified that he and Young were close acquaintances and that he had previously sold drugs for Young. Lott also testified that he had performed odd jobs for Young and that Young gave him cocaine as payment. Lott argued that Young supplied the drugs sold to Agent Cheeks. He testified that Young instructed him not to divulge the source of the drugs to Agent Cheeks because Agent Cheeks would expect a special price if he knew Young was the supplier because the two men were old friends.
¶ 5. Lott’s mother and a friend testified on his behalf. Both admitted that Lott *130 used drugs, but denied having any knowledge that Lott sold drugs. On cross-examination, Lott admitted he had been indicted on two other charges for selling illegal drugs. Agent Cheeks testified that he saw Lott at another illegal drug transaction and that he observed Lott at a house during a drug raid.
LAW AND ANALYSIS
DID THE CIRCUIT COURT ERR IN DENYING LOTT’S MOTION FOR A DIRECTED VERDICT?
¶ 6. Lott argues that the trial judge erroneously denied his motion for a directed verdict because Lott presented undisputed evidence of entrapment. Lott contends that the State did not rebut his testimony that Young supplied him with the drugs sold to Agent Cheeks. Lott also argues that the State did not establish that he had a predisposition to commit the offense. Lott claims that this was a classic “supply and buy” scenario which has been condemned by the Mississippi courts because it constitutes entrapment.
¶ 7. Our entrapment law is well settled. Entrapment is “the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him for the offense.” Walls v. State, 672 So.2d 1227, 1229 (Miss.1996). Entrapment is an affirmative defense which the defendant must prove. Before the defendant may raise the defense, he must show evidence that the government induced him to commit the criminal act, and that he was not predisposed to engage in the criminal act before contact with the government agents. Id. A defendant is considered predisposed if he is “ready and willing to commit the crimes such as are charged in the indictment, whenever opportunity was afforded.” Moore v. State, 534 So.2d 557, 559 (Miss.1988). If the accused is predisposed to committing the criminal act, his defense will fail. Id.
¶ 8. When a defendant alleges that the law enforcement officers supplied the drugs used in the drug transaction, prosecutors must have rebuttal evidence at hand to refute such testimony. Pulliam v. State, 592 So.2d 24, 27 (quoting Gamble v. State, 543 So.2d 184, 185 (Miss.1989)). The State successfully rebutted Lott’s “supply and buy” claim. Lott’s claim that the confidential informant was also the supplier is contradicted by the testimony of Agent Cheeks and the audio-tape of the transaction. Lott clearly told the confidential informant and Agent Cheeks that he would “have to call his source,” which strongly implies that his source was not present at the transaction. The State also offered evidence to show that Lott was predisposed to this crime. Specifically, Agent Cheeks testified that he saw Lott at another drug transaction and at a house raid. Lott also admitted on the stand that he had been indicted for two other drug sales.
¶ 9. Sufficiency questions are raised in motions for directed verdict and in JNOV motions. McClain v. State, 625 So.2d 774, 778 (Miss.1993). Where a defendant moves for JNOV or a directed verdict, the trial court considers ah of the credible evidence consistent with the defendant’s guilt, giving the prosecution the benefit of all favorable inferences that may be reasonably drawn from this evidence. Id. This Court is authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence is such that reasonable and fair minded jurors could not find the accused guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). Accepting all credible evidence consistent with Lott’s guilt as true, we find there was sufficient evidence to *131 support the conviction and Lott did not establish the defense of entrapment.
¶10. THE JUDGMENT OF THE SIMPSON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I TRANSFER OF MORPHINE WITHIN 1,500 FEET OF A PUBLIC PARK AND SENTENCE OF TEN YEARS; COUNT II TRANSFER OF HYDROCODONE WITHIN 1,500 FEET OF A PUBLIC PARK AND SENTENCE OF TEN YEARS, ALL TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCES TO RUN CONCURRENTLY IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, LEE, AND MYERS, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J., AND THOMAS, J. BRANTLEY, J., NOT PARTICIPATING.